```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SYNGENTA CROP PROTECTION, LLC,           :    18cv715(DLC)
                                         :
                        Plaintiff,       :    OPINION AND ORDER
            -v-                          :
                                         :
INSURANCE COMPANY OF NORTH AMERICA,      :
INC., CENTURY INDEMNITY COMPANY, and     :
ACE PROPERTY AND CASUALTY INSURANCE      :
COMPANY,                                 :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Joshua Blosveren
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
New York, NY 10016

For the defendants:
Robert F. Walsh
White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103

DENISE COTE, District Judge:

　　　　Defendants Insurance Company of North America, Inc., Century Indemnity Company, and ACE Property and Casualty Insurance Company (collectively, "INA") moved to confirm an arbitration award issued on January 6, 2020 (the "Award"). For the reasons that follow, the motion is granted.

## Background

The events underlying this action are described in an Opinion of March 29, 2018 (the "2018 Opinion"). See Syngenta Crop Prot., LLC v. Ins. Co. of N. Am., Inc., No. 18CV715(DLC), 2018 WL 1587601 (S.D.N.Y. Mar. 29, 2018). Briefly, this action concerns an insurance coverage dispute over the relationship between a set of decades-old insurance policies and a subsequent settlement agreement. Plaintiff Syngenta Crop Protection, LLC ("Syngenta") seeks coverage under these policies for claims involving asbestos exposure of contract workers associated with its predecessor. INA asserts that those asbestos-related claims were released by a 1999 settlement agreement (the "1999 Settlement").

On November 2, 2017, INA filed a demand for arbitration with the American Arbitration Association ("AAA") pursuant to the 1999 Settlement. Syngenta commenced this action on January 26, 2018 seeking to enjoin arbitration. The 2018 Opinion stayed this action pending arbitration, noting that the arbitration clause in the 1999 Settlement requires that "any dispute with respect to" the settlement be resolved through arbitration. 2018 Opinion at *4. The parties thereafter participated in arbitration before Kenneth R. Feinberg (the "Arbitrator"), who issued the Award on January 6, 2020.

On January 22, Syngenta submitted to the Arbitrator a motion for clarification and/or modification of two phrases in the Award.  On July 10, Syngenta submitted an amended motion for clarification and/or modification.  On September 14, the Arbitrator held a conference to discuss the motion for clarification.  The Arbitrator and the parties agreed that the Arbitrator would hold the motion in abeyance while the parties attempted to resolve the dispute.

On January 5, 2021, INA filed this motion to confirm the Award.  In its motion, INA requested that this Court hold the motion to confirm in abeyance while the parties continued negotiations.  An Order of January 6 set an elongated briefing schedule for the motion to confirm.  In a letter of January 19, INA again requested that their motion to confirm be held in abeyance.  An Order of January 20 denied INA's request and further elongated the briefing schedule.  The motion to confirm became fully submitted on April 9.

In its April 9 reply brief, INA seeks immediate confirmation of the Award and no longer requests that its motion be held in abeyance.  It observes that any disputes between the parties regarding individual claims can be submitted to the Arbitrator.

## Discussion

Section 9 of the FAA provides in relevant part that:

> If the parties in their agreement have agreed that a
> judgment of the court shall be entered upon the award
> made pursuant to the arbitration . . . then at any
> time within one year after the award is made any party
> to the arbitration may apply to the court . . . for an
> order confirming the award, and thereupon the court
> must grant such an order unless the award is vacated,
> modified, or corrected as prescribed in sections 10
> and 11 of [the FAA].

9 U.S.C. § 9.  The Court of Appeals has held that "a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate."  Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 573 (2d Cir. 2005) (citation omitted).  See also Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 134 n.3 (2d Cir. 2020).

Once jurisdiction is established, the FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  Seneca Nation of Indians v. New York, 988 F.3d 618, 625 (2d Cir. 2021) (quoting Hall Street Assocs. L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008)).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  Id. (citation omitted).

A court's review of an arbitration award is "severely limited in view of the strong deference courts afford to the

4

arbitral process." Certain Underwriting Members of Lloyds of London v. Fla., Dep't of Fin. Servs., 892 F.3d 501, 505 (2d Cir. 2018) (citation omitted). This deference promotes the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Landau v. Eisenberg, 922 F.3d 495, 498 (2d Cir. 2019) (citation omitted). "Consequently, the burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as there is a barely colorable justification for the outcome reached." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 103-04 (2d Cir. 2013) (citation omitted).

Still, "when asked to confirm an ambiguous award, the district court should instead remand to the arbitrators for clarification." Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co., 909 F.3d 544, 549 (2d Cir. 2018). An arbitration award is ambiguous where "the language is susceptible to multiple meanings" or the award "fails to address a contingency that later arises." Id. at 548-49. See, e.g., York Rsch. Corp. v. Landgarten, 927 F.2d 119, 123 (2d Cir. 1991) ("We are unable to determine whether the arbitrators intended the word 'expenses' to include attorneys' fees."). An arbitrator may issue a clarification of an ambiguous award if: "(1) the final award is ambiguous; (2) the clarification merely clarifies the award

5

rather than substantively modifying it; and (3) the clarification comports with the parties' intent as set forth in the agreement that gave rise to arbitration." Gen. Re Life Corp., 909 F.3d at 549.

INA timely filed a motion to confirm the Award.  INA argues that the Award should be confirmed because it has not been vacated, modified, or corrected.  INA is correct, and the Award must be confirmed.

Syngenta argues that this Court should either hold the motion to confirm in abeyance or remand the Award to the Arbitrator for clarification.  The Award allowed Syngenta to obtain insurance coverage for claimants in a limited circumstance: "employment records must confirm that the individual [claimant] was exclusively employed for not less than 30 consecutive work days while working on [Syngenta's predecessor's] premises."  Syngenta contends that two phrases in the Award -- "employment records" and "30 consecutive workdays" -- are ambiguous.

There is no reason to hold the motion to confirm in abeyance any longer.  Syngenta has not moved to vacate, modify, or correct the Award.  Nor has it shown that remand to the Arbitrator is warranted because the Award is ambiguous.  Syngenta has not shown that either phrase to which it points is "susceptible to multiple meanings" or has engendered any actual

6

confusion that has occurred since the issuance of the Award over a year ago.

First, Syngenta argues that the term "employment records" is ambiguous because it could be construed to mean only records showing that Syngenta's predecessor employed the underlying claimants, rather than the predecessor's contractors and subcontractors.  Suggesting that an ambiguity exists does not mean there is an ambiguity.  Cf. Steiner v. Lewmar, Inc., 816 F.3d 26, 32 (2d Cir. 2016) ("Courts are not required to find contract language ambiguous where the interpretation urged by one party would strain the contract language beyond its reasonable and ordinary meaning.") (citation omitted); Law Debenture Trust Co. of New York v. Maverick Tube Corp., 595 F.3d 458, 467 (2d Cir. 2010) (ambiguity in a contract does not arise merely by virtue of the fact that the parties urge different interpretations).  To the extent an interpretation of a phrase is clearly wrong, the term is not ambiguous; it should be interpreted based upon the only plausible meaning.  Indeed, the Award confirms the proper interpretation when it repeatedly refers to claimants as "non-employee contractors" or "non-employee independent contractors."

Additionally, Syngenta argues that the phrase "30 consecutive workdays" is ambiguous because it does not contemplate cases where the available evidence for a claimant

7

reflects a gap in work but does not indicate that the claimant actually worked elsewhere during that gap. This argument fails. It does not make the phrase "30 consecutive workdays" ambiguous. A gap between workdays indicates that the workdays are no longer consecutive. Syngenta has not demonstrated that the phrase is subject to multiple interpretations. To the extent the parties have a dispute regarding how the Award applies to a specific claim, the parties may return to arbitration to resolve the dispute. See 2018 Opinion at *4.

## Conclusion

INA's January 5, 2021 motion to confirm the Award is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         April 23, 2021

```
                            _____
                                  DENISE COTE
                            United States District Judge
```